UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

KENNETH ROY HOWELL,

    Petitioner,

-vs-                                                    Case No. 6:09-cv-825-Orl-28KRS

STATE OF FLORIDA, et al.,

    Respondents.

_____/

## ORDER

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 1). Upon consideration of the petition, the Court ordered Respondents to show cause why the relief sought in the petition should not be granted. Thereafter, Respondents filed a response (Doc. No. 7) and a supplemental response (Doc. No. 25) to the petition for writ of habeas corpus. Petitioner filed replies to the responses (Doc. Nos. 9 and 17).

Petitioner has raised four claims: first, trial counsel was ineffective at the violation of probation proceeding for failing to call an available witness; second, trial counsel was ineffective at the violation of probation proceeding for failing to hire an expert to determine Petitioner's competency; third, trial counsel was ineffective at the violation of probation proceeding for failing to inform Petitioner of available defenses; and fourth, trial counsel was ineffective during the initial plea proceeding for advising Petitioner to accept

a plea "where all elements could not be proved."

## I. *Procedural History*

Petitioner was charged by information with one count of aggravated stalking. Petitioner then entered into a plea agreement in which, among other matters, he agreed to enter a plea of guilty to the charge. The trial court held a hearing on the plea and ultimately accepted it. On October 16, 2006, the trial court adjudicated Petitioner guilty of the crime and sentenced him to probation for a term of five years. Petitioner did not file a direct appeal.

Approximately one month later, an Affidavit of Violation of Probation was filed against Petitioner, alleging that he had violated the terms of his probation. A violation of probation hearing was held, and the trial court found that Petitioner had violated the terms of his probation. As a result, on February 15, 2007, the trial court revoked Petitioner's probation and sentenced him to imprisonment for a term of five years. Petitioner appealed to the Florida Fifth District Court of Appeal, but his appeal was dismissed on July 10, 2007, for failure to file to pay the filing fee or file an affidavit of insolvency.

On March 19, 2008, Petitioner filed motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850 with the state trial court,[1] which was denied on

---

[1] Although the motion was actually filed with the state trial court on March 24, 2008, under the "mailbox rule," the motion would be deemed filed on March 19, 2008, the date when the motion was signed and presumably submitted to the prison authorities for mailing. *See Adams v. United States*, 173 F.3d 1339, 1341 (11th Cir. 1999) (under the "mailbox rule," a pro se prisoner's motion to vacate, set aside, or correct sentence was filed on the date that he signed, executed, and delivered his petition to prison authorities for mailing). All further references to the filing date of pleadings by Petitioner shall be the filing date

May 6, 2008. The claims raised in this Rule 3.850 motion all dealt with the violation of probation proceeding. The state appellate court affirmed the denial *per curiam* on July 29, 2008. Mandate was issued on October 20, 2008.[2]

On November 13, 2008, Petitioner filed a second Rule 3.850 motion with the state trial court, which was denied on February 5, 2008. The claim raised in the second Rule 3.850 motion dealt with the initial plea proceedings. The state appellate court affirmed the denial *per curiam* on April 7, 2009. Mandate was issued on April 29, 2009.

## II.     *Petitioner's Habeas Petition is Timely*

### A.     *Legal Standard*

Pursuant to 28 U.S.C. § 2244,

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A)     the date on which the judgment of conviction became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;
>
> (C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly

---

under the mailbox rule.

[2]On September 5, 2008, Petitioner filed a Notice to invoke Discretionary Review with the Supreme Court of Florida, and, on September 19, 2008, the Supreme Court of Florida denied Petitioner's request for review.

recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

B. *Discussion of Petitioner's Case*

In the present case, Petitioner's violation of probation proceeding became final under Florida law on July 10, 2007, when the state appellate court dismissed his direct appeal relating to the violation of probation proceedings. Petitioner then had until July 10, 2008, absent any tolling, to file a federal habeas petition regarding such conviction. Petitioner's federal habeas petition was filed on May 14, 2009.

Pursuant to section 2244(d)(2), the one-year period is "tolled" for the time during which a *properly filed* state postconviction or collateral proceeding is pending. When Petitioner filed his first Rule 3.850 motion on March 19, 2008, 253 days of the one-year period had run. Those proceedings concluded on October 20, 2008, when the state appellate court issued mandate with regard to the appeal of the denial of his first Rule 3.850 motion.

The one-year period then ran for 24 days until Petitioner filed his second Rule 3.850 motion on November 13, 2008. Those proceedings concluded on April 29, 2009, when the state appellate court issued mandate with regard to the appeal of the denial of his second

Rule 3.850 motion. At that point, 277 days of the one-year period of limitation had run, and Petitioner's federal habeas petition was timely filed 15 days later.

Contrary to Respondents' argument, "[t]he statute of limitations in § 2244(d)(1) applies to the application as a whole; individual claims within an application cannot be reviewed separately for timeliness." See Walker v. Crosby, 341 F.3d 1240, 1245 (11th Cir. 2003).

### III. Analysis of Petitioner's Claims

#### A. Claim One

Petitioner contends that trial counsel was ineffective at the violation of probation proceeding for failing to call an available witness. In particular, he mentions that counsel should have called Deputy Creszynski, who was the first officer at the scene of the incident that resulted in Petitioner's arrest. This claim was raised in Petitioner's first Rule 3.850 motion and was denied because there had been no showing of prejudice.

Daniel Watson testified at the violation of probation hearing that he was being harassed by Petitioner during a traffic incident. (Supplemental Appendix, Transcript of Violation of Probation Hearing at 5-7.) Mr. Watson telephoned 9-1-1, and Officer John J. Cruz testified that Petitioner had been stopped by another officer and that he (Officer Cruz) subsequently responded to the scene to do a DUI investigation. Id. at 7, 15. Petitioner refused to take a field sobriety test, and Officer Cruz described Petitioner as having glazed/red eyes and slurred speech; being loud, belligerent and profane; and smelling of alcohol. Id. at 16-19. Petitioner declined to take a breathalyzer test, and he was eventually

placed under arrest. *Id.* at 18.

Petitioner testified that he had taken Nyquil just prior to the incident and that he refused the breathalyzer test because of the medication. *Id.* at 30-32. The trial court noted that there was a conflict in the testimony but concluded that Petitioner had been driving under the influence of alcohol and that he violated the restriction on his driver's license by driving for non-business purposes. *Id.* at 44. Thus, the trial court found that Petitioner violated the terms of his probation. *Id.*

Ostensibly, Officer Creszynski was the first officer at the scene when Petitioner was pulled over, and Petitioner alleges that he would have testified that Petitioner was acting calmly. However, the State only needed to establish by a preponderance of the evidence that there was a violation of probation, and Officer Cruz' testimony alone established that Petitioner had been driving under the influence of alcohol. The trial court also had evidence that Petitioner had been driving for non-business purposes in violation of his driver's license restrictions. Thus, testimony regarding Petitioner's calm demeanor would not have been significant.

Moreover, the law does not favor ineffective assistance of counsel claims based on complaints of uncalled witnesses. *See Gasanova v. United States*, 2007 WL 2815696, at *9 (W.D. Tex. September 6, 2007) (citations omitted) (footnotes omitted). The presentation of witness testimony is essentially strategy, and it is, therefore, within trial counsel's domain. *Id.* Mere speculation as to the testimony an uncalled witness would have given is too uncertain. *Id.* A petitioner cannot simply state that the testimony would have been

favorable; self-serving speculation will not sustain an ineffective assistance claim. *Id.* In the case of an uncalled witness, at the very least, the petitioner must submit an affidavit from the uncalled witness stating the testimony he or she would have given had they been called at trial. *Id.* To show prejudice, the petitioner must show not only that the uncalled witness's testimony would have been favorable, but also that the witness would have testified at trial. *Id.*

Consequently, there has been no showing that counsel acted deficiently or that Petitioner sustained prejudice. Accordingly, Petitioner has not demonstrated that the state court's denial of this claim was "contrary to, or involved an unreasonable application of, clearly established federal law" or was "based on an unreasonable determination of the facts in light of the evidence." 28 U.S.C. § 2254(d). As a result, Petitioner is not entitled to federal habeas relief on this claim.

## B. *Claims Two and Three*

Petitioner states that trial counsel was ineffective at the violation of probation proceeding for failing to 1) hire an expert to determine Petitioner's competency (claim two), and 2) advise Petitioner of the availability of an insanity defense (claim three). These claims were raised in Petitioner's first Rule 3.850 motion and were denied on the basis that counsel did not act deficiently.

Aside from vague allegations, Petitioner presents no evidence demonstrating that he was incompetent or insane at any relevant time. Moreover, "whether or not to hire an expert is the type of strategic choice by counsel that may not be second-guessed on habeas

corpus review." *Mills v. Poole*, 2008 WL 2699394, at *26 (W.D.N.Y. June 30, 2008). Petitioner has presented no evidence that he suffered from a mental illness or that an expert would have testified in his favor.

In addition, Petitioner's bare and speculative assertions that he was incompetent or insane are unsupported by any facts and are insufficient to establish that counsel was ineffective under *Strickland*. *See Adkins v. Motley*, 2009 WL 960107, at *17 (E.D. Ky. April 7, 2009) (finding that, in order to establish prejudice, the petitioner must present evidence establishing that an expert witness could have been obtained to testify favorably for him or her on the pertinent issue). Moreover, as noted by the trial court in denying these claims, Petitioner testified at the violation of probation hearing and answered each question lucidly and coherently. There was no indication from Petitioner's testimony that he was incompetent or insane. As such, counsel did not act deficiently with regard to these claims, and there has been no showing of prejudice. Consequently, Petitioner fails to meet his burden of proving that the state court unreasonably applied controlling Supreme Court precedent or unreasonably determined the facts in denying relief on these claims.

C.  *Claim Four*

Petitioner claims that trial counsel was ineffective during the initial plea proceedings for advising Petitioner to accept a plea "where all elements could not be proved." According to Petitioner, he "and his wife were having marital problems, but they were trying to work them out. There were isolated incidents, but there were no 'repeated'

incidents as required by law." This claim was raised in Petitioner's second Rule 3.850 motion, and the trial court found that counsel did not act deficiently with regard to this matter.

In the information filed in this case, Petitioner was charged with repeatedly following or harassing Ms. Howell and with making a credible threat with the intent to place her in reasonable fear of death or bodily injury. As noted above, Petitioner entered into a plea agreement in which, among other matters, he pled guilty to the charge. At the plea hearing, Petitioner indicated that he was pleading guilty to the charge in the information because he "actually did what [he was] accused of doing...." (Supplemental Appendix, Transcript of Plea Hearing at 5.)

Certainly, based on Petitioner's statements at the plea hearing, there were sufficient facts from which the State "could have proved" that Petitioner committed the crime of aggravated stalking. In fact, Petitioner conceded at the plea hearing that he committed the crime. As such, the Court finds that there has been no showing that counsel acted deficiently with regard to this matter or that Petitioner sustained prejudice. Under the circumstances, Petitioner fails to meet his burden of proving that the state court unreasonably applied controlling Supreme Court precedent or unreasonably determined the facts in denying relief on this claim.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1.  The Petition for Writ of Habeas Corpus filed by Kenneth Roy Howell is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.

2. The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

**DONE AND ORDERED** in Chambers at Orlando, Florida, this 22nd day of February, 2011.

JOHN ANTOON II
UNITED STATES DISTRICT JUDGE

Copies to:
sa 2/15
Counsel of Record
Kenneth Roy Howell